UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN GARGANO,

                Plaintiff,

   - against -

BRENDA GARGANO MURPHY,
BRITTANY DOYLE, and HEATHER
PRESTIA,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-242 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On January 25, 2022, Plaintiff John Gargano, a resident of Vermont, filed the instant *pro se* action against Defendants Brenda Gargano Murphy and Brittany Doyle, residents of New York, and Heather Prestia, a resident of New Jersey (collectively, "Defendants"). (*See* Complaint ("Compl."), Dkt. 1.) Plaintiff asserts diversity of citizenship pursuant to 28 U.S.C. § 1332 as a basis for the Court's jurisdiction and seeks monetary damages against Defendants for emotional distress in connection with Defendants' treatment of his mother Anne Gargano's "remains" and "possessions." (*Id.* at ECF[1] 5.) For the reasons set forth below, Plaintiff's claims are dismissed with leave to amend within thirty (30) days from the date of this Memorandum and Order.

## BACKGROUND

Plaintiff alleges that his mother Anne Gargano, who had dementia, "was under the care of Defendants," and that starting in October 2017, he and his family were "denied access (visitation)" to her. (*Id.*) Plaintiff does not identify Defendants' places of employment, jobs, or professions,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

so as to explain why his mother was under their care. Although Plaintiff does not mention when his mother passed away, he maintains that she suffered while under Defendants' care and that Defendants "neither properly buried nor ritualized" her after she passed. (*Id.*) Plaintiff further alleges that Defendants stole his mother's possessions and refused to "properly identify Anne Gargano's remains and assets." (*Id.*) Plaintiff asserts a claim for emotional distress and seeks $1.5 million in monetary damages. (*Id.*)

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). A complaint, however, must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A complaint must plead "enough facts to state a claim to relief that is plausible on its face."). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

A district court may *sua sponte* dismiss a case where the plaintiff has paid the filing fee if it determines that it lacks subject matter jurisdiction, or if it finds that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Fed. Savings Bank,* 334 Fed. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint).

**DISCUSSION**

Although the precise nature of Plaintiff's claims is unclear, construing the Complaint liberally, Plaintiff appears to be asserting claims against Defendants based on the alleged: (1) improper handling of his mother's remains; and (2) theft of her personal property.

**I.     Jurisdictional Issues**

**A.     Subject Matter Jurisdiction**

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

Plaintiff asserts diversity of citizenship pursuant to 28 U.S.C. § 1332 as a basis for the Court's subject matter jurisdiction. Diversity jurisdiction exists where the plaintiff does not share citizenship with any defendant and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants."). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). "The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Trisvan v. Kentucky Fried Chicken Corp.*, 20-CV-2071 (MKB), 2020 WL 7404434, at *5 (E.D.N.Y. Dec. 17, 2020) (citation omitted).

Although Plaintiff, who is a resident of Vermont, has presumably satisfied the requirement of complete diversity of citizenship with Defendants, who are residents of New York and New Jersey,[2] the Court finds that the Complaint fails to allege facts sufficient to establish an adequate amount in controversy. Plaintiff asserts $1.5 million in damages in the Complaint but alleges no facts from which the Court can infer that the amount in controversy in fact exceeds $75,000. *See Turban v. Bar Giacosa Corp.*, No. 19-CV-1138, 2019 WL 3495947 (JMF), at *2 (S.D.N.Y. Aug. 1, 2019) ("[T]he Court is not required to presume that bare allegations in the complaint are a good faith representation of the actual amount in controversy."); *see also Trisvan*, 2020 WL 7404434, at *5 ("Although Plaintiff alleges that the parties are diverse, he fails to provide a basis for seeking $250,000 in punitive and compensatory damages for his alleged food poisoning, making his request for such damages speculative. . . . Because Plaintiff's request for relief is speculative, it is insufficient to meet the amount in controversy required for the Court to exercise diversity jurisdiction over this matter.").

The Court therefore finds that it lacks subject-matter jurisdiction and dismisses Plaintiff's claims with leave to amend to allow Plaintiff an opportunity to properly allege the amount in controversy. Moreover, because the amended complaint could cure the subject matter jurisdiction bar, the Court further analyzes whether it has personal jurisdiction over Defendants and the substantive basis for Plaintiff's claims.

### B. Personal Jurisdiction

In a diversity action, "the issue of personal jurisdiction is governed by the law of the forum state." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Under New York law, courts can exercise general and specific personal jurisdiction over defendants.

---

[2] The Court discusses its personal jurisdiction over Defendant Pestia, a New Jersey resident, below.

A federal court siting in New York can exercise general jurisdiction over an individual defendant if (1) the defendant's place of domicile is located in New York, (2) the defendant is "physically present within the State of New York," or (3) the defendant "is doing business in New York." *Pisani v. Diener*, No. 07–CV–5118 (JFB) (ARL), 2009 WL 749893, at *5 (E.D.N.Y. March 17, 2009); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017) ("For general jurisdiction over an individual to comport with due process, Defendants must be domiciled in New York, served in New York, or have otherwise consented to the court's jurisdiction."). General jurisdiction can also be "based on the defendant's general business contacts with" New York and tortious acts committed in New York and "permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673–74 (2d Cir. 2013) (citations omitted); *Pisani*, 2009 WL 749893, at *5.

"Specific personal jurisdiction exists when a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum[.]" *In re Terrorist Attacks*, 714 F.3d at 673–74 (citations omitted); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (finding that specific personal jurisdiction requires that the "controversy is related to or arises out of a defendant's contacts with the forum" (quotation marks omitted).).

The Court finds that it has general personal jurisdiction over Defendants Brenda Gargano Murphy and Brittany Doyle, both residents of New York, based on the addresses provided for them in the Complaint. Defendant Heather Prestia, however, appears to be a resident of New Jersey, and Plaintiff has not alleged any facts that would lead the Court to conclude that it has

5

general or specific jurisdiction over Defendant Pestia. Accordingly, Plaintiff's claims against Defendant Pestia are dismissed with leave to amend the Complaint to plead facts that demonstrate personal jurisdiction over Defendant Pestia.

## II.     Failure to State a Claim

Even assuming that Plaintiff is able to satisfy the jurisdictional requirements, his Complaint fails to allege a cause of action under either federal or state law. The Complaint neither identifies a federal or state law claim, nor alleges facts from which one can be inferred. More specifically, the Complaint fails to allege any facts regarding Defendants' employment, jobs, or professions; the type of "care" Defendants provided to Plaintiff's mother; Defendants' fiduciary, contractual, or other relationship to Plaintiff's mother; or the basis for any legal obligation or standard of care that applied to Defendants with respect to the handling of Plaintiff's mother's care, her remains, or her personal property or estate. Thus, the Complaint must be dismissed for failure to state a claim, but Plaintiff is granted leave to amend to state a claim.

Because the Court interprets the Complaint as potentially asserting claims related to the handling of Plaintiff's mother's remains and the administration of her estate, the Court discusses the relevant law with respect to such claims.

### A.     Plaintiff's Right to Anne Gargano's Remains

Under New York law, "the common law right of sepulcher . . . is defined as the next of kin's 'absolute right to immediate possession of a decedent's body for preservation and burial.'" *Kijak v. Columbia Presbyterian Hosp.*, No. 11-CV-6076 (NRB), 2013 WL 5299133, at *8 (S.D.N.Y. Sept. 20, 2013) (quoting *Melfi v. Mt. Sinai Hosp.*, 877 N.Y.S.2d 300 (App. Div. 2009)). "If a violation of the right of sepulcher is established, the next of kin may be compensated for the emotional suffering and mental anguish which they experienced as a result." *Sanders v. City of*

*New York*, No. 16-CV-6526 (CBA) (SJB), 2021 WL 4350487, at *3 (E.D.N.Y. Sept. 24, 2021) (quoting *Mack v. Brown*, 919 N.Y.S.2d 166 (App. Div. 2011)).

"To establish a cause of action for interference with the right of sepulcher, [a] plaintiff must establish that: (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish, which is generally presumed." *Shepherd v. Whitestar Dev. Corp.*, 977 N.Y.S.2d 844, 846 (App. Div. 2014). If a violation of the right of sepulcher is established, the next of kin may be compensated for the emotional suffering and mental anguish which they experienced as a result. In order to recover for such emotional injuries, Plaintiff must show that the injuries were "the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged." *Mack*, 82 A.D.3d 133, at 137–38 (internal quotation marks omitted) (quoting *Stahl v. William Necker, Inc.*, 171 N.Y.S. 728 (App. Div. 1918)). Here, Plaintiff has not alleged sufficient facts in the complaint to demonstrate that Defendants interfered with his right of sepulcher, and though he may seek to do so in an amended complaint, he must allege sufficient facts to support such a claim.

      **B.**      **Plaintiff's Rights Regarding the Administration of Anne Gargano's Estate**

To the extent Plaintiff seeks to assert a claim regarding the administration of his mother's probate estate, such a claim likely cannot be heard by this Court, because of the "probate exception," which provides that "'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). "[F]ederal

courts lack jurisdiction under the 'probate exception' where a complaint seeks to (1) 'administer an estate, probate a will, or do any other purely probate matter' or (2) 'to reach a res in the custody of a state court." *McKie v. Est. of Dickinson*, No. 20-CV-2973 (KAM) (CLP), 2021 WL 3292516, at *7 (E.D.N.Y. Aug. 2, 2021) (quoting *Lefkowitz*, 528 F.3d at 106). However, the "probate exception does not apply to actions that, although 'intertwined' with the probate action, 'seek damages from Defendants personally rather than assets or distributions from the estate.'" (*Id.* (cleaned up).) "But the probate exception does bar an action, even if presented as a claim seeking damages from a defendant personally, if it 'seeks, in essence, disgorgement of estate property that remains under control of the Probate Court' and if its resolution would require 'the federal court . . . to assert control over that property." (*Id.* (cleaned up).)

Here, Plaintiff does not clearly plead a claim based on the administration of his mother's estate, and should he seek to do so in his amended complaint, he should be mindful of the limitations on such a claim in federal court.

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint. First, in the amended complaint, Plaintiff must explain the basis for his $1.5 million claim for damages and demonstrate to the Court that the amount in dispute in this case in fact exceeds $75,000. Second, to the extent Plaintiff alleges that the Court has personal jurisdiction over Defendant Pestia, a non-domiciled defendant, he must demonstrate what, if any contacts Defendant Pestia has with New York and what, if any, relevant alleged acts Defendant Pestia committed in New York. Third, if Plaintiff is asserting a claim based on the administration of Anne Gargano's probate estate, he must clarify whether he seeks damages from Defendants personally or from the assets or distributions from the estate. Finally, to the extent that Plaintiff seeks to assert a claim against

8

Defendants for improper disposition of Anne Gargano's remains, he must (1) state, what, if anything, Defendants did or failed to do with Anne Gargano's remains; (2) explain Defendants' relationship to Anne Gargano and to himself; and (3) describe whether he had a right to possession of Anne Gargano's remains including whether he was designated in a written instrument with the authority to dispose of her remains (or who was granted the authority to do so).

Plaintiff is informed that any amended complaint he elects to file will completely replace, not supplement, the prior complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order.

## CONCLUSION

Plaintiff's claims are dismissed without prejudice. The Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff fails to amend the complaint within thirty (30) days as directed by this Memorandum and Order, or otherwise show good cause for his failure, judgment shall be entered dismissing the action without prejudice. Although Plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 26, 2022
      Brooklyn, New York